UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EHUD ABERGEL and MERAV ABERGEL, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>PERFORMANT RECOVERY, INC.,<br><br>　　　　　　　Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

　　　　Plaintiffs EHUD ABERGEL and MERAV ABERGEL (collectively hereinafter referred to as "Plaintiffs"), as New York residents, bring this class action complaint by and through their attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant PERFORMANT RECOVERY, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs bring this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

1

allegedly owed by Plaintiffs in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiffs are seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiffs are natural persons and are residents of the State of New York, and are "Consumers" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a debt collection agency with its principal place of business located in Pleasanton, CA.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiffs bring claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiffs on or about May 3, 2017; and (a) the collection letter was sent to a consumer seeking payment

of a personal debt purportedly owed to the State of New York Department of Taxation and Finance; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiffs assert that the letter contained violations of 15 U.S.C. § 1692g, for sending a collection letter which, among other things, fails to express the statutorily required language and fails to name relevant a relevant party.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiffs are complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiffs' privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiffs and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiffs and the Class have sustained damages and are

> entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d. Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiffs have no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiffs will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO EHUD ABERGEL

12. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to May 3, 2017, an obligation was allegedly incurred by Plaintiff Ehud Abergel to an unknown creditor (the "Alleged Creditor").

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff Ehud Abergel is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. The Alleged Creditor, directly or through an intermediary, contracted Defendant to collect its debt.

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. In its effort to collect on the alleged obligation, Defendant contacted Plaintiff Ehud Abergel by written correspondence. A copy of the written correspondence dated May 3, 2017 to Plaintiff Ehud Abergel is attached as **Exhibit A.**

20. Defendant's letter stated "Claim of: State of New York Department of Taxation and Finance."

21. Defendant's letter stated the current balance as "Current Balance: $311.20."

22. Defendant's written correspondence to Plaintiff Ehud Abergel is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. As set forth in the following Counts, Defendant's communication violated the FDCPA.

## ALLEGATIONS PARTICULAR TO MERAV ABERGEL

24. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Some time prior to May 3, 2017, an obligation was allegedly incurred by Plaintiff Merav Abergel to an unknown creditor (the "Alleged Creditor").

26. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27. Plaintiff Merav Abergel is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

6

29. The Alleged Creditor, directly or through an intermediary, contracted Defendant to collect its debt.

30. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

31. In its effort to collect on the alleged obligation, Defendant contacted Plaintiff Merav Abergel by written correspondence. A copy of the written correspondence dated May 3, 2017 to Plaintiff Merav Abergel is attached as **Exhibit A.**

32. Defendant's letter stated "Claim of: State of New York Department of Taxation and Finance."

33. Defendant's letter stated the current balance as "Current Balance: $311.20."

34. Defendant's written correspondence to Plaintiff Merav Abergel is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

36. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38. One such request is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

39. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

40. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

41. Merely naming the creditor without specifically identifying the entity, as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

42. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

43. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

44. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

45. Defendant's letter to Plaintiffs fails to identify any creditor to whom the debt is owed.

46. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor."

47. Defendant's letter merely states, "Claim of:  State of New York Department of Taxation and Finance."

48. The letter fails to indicate whether the "State of New York Department of Taxation and Finance" refers to Plaintiffs' creditor.

49. The letter fails to indicate whether the "State of New York Department of Taxation and Finance" refers to the creditor to whom the debt is owed.

50. The letter fails to indicate whether the "State of New York Department of Taxation and Finance" refers to the original creditor or the current creditor to whom the debt is owed.

51. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

52. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

53. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

54. The least sophisticated consumer would likely be uncertain as to the creditor to whom the debt is owed.

55. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

56. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## Second Count
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and neither Defendant nor State of New York Department of Taxation and Finance may avoid a claim of falsity or deception based on any non-enumerated practice.

60. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

61. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

62. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

63. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

64. The least sophisticated consumer would likely be deceived by Defendant's conduct.

65. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

66. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

67. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### Third Count
### 15 U.S.C. §1692g
### Failure to Adequately Convey the Amount of the Debt

68. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69. 15 U.S.C. § 1692g provides that within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

70. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

71. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

72. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

73. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

74. The letter fails to advise Plaintiffs that if Plaintiffs pay the "Current Balance: $311.20" an adjustment may be necessary after Defendant receives payment.

75. The letter fails to advise Plaintiffs that Defendant will inform Plaintiffs of the balance difference before depositing payment.

76. The letter fails to advise Plaintiffs of the amount of potential interest charges that may accrue.

77. The letter fails to advise Plaintiffs of the amount of potential late fees.

78. The letter fails to advise Plaintiffs of the amount of money the "Current Balance: $311.20" will increase per day.

11

79. The letter fails to advise Plaintiffs of the amount of money the balance as of the date of the letter will increase per week.

80. The letter fails to advise Plaintiffs of the amount of money the balance as of the date of the letter will increase per month.

81. The letter fails to advise Plaintiffs of the amount of money the balance as of the date of the letter will increase in any measurable period.

82. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

83. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Current Balance: $311.20" at any time after the receipt of the letter.

84. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees, interest, or other charges.

85. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

86. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

87. For these reasons, Defendant failed to clearly state the amount of the debts.

88. For these reasons, Defendant failed to unambiguously state the amount of the debts.

89. The least sophisticated consumer would be confused as to how she could satisfy the debt.

90. The least sophisticated consumer will be confused as to what he actually owes.

91. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

92. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

93. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

### Fourth Count
### Violation of 15 U.S.C. §§ 1692e
### False or Misleading Representations regarding the Amount of the Debt

94. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "93" herein with the same force and effect as if the same were set forth at length herein.

95. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

96. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

97. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

98. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the amount due was static.

99. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the amount due was dynamic due to the continued accumulation of charges and interest.

13

100. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

101. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

102. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

(b) certifying Plaintiffs as Class representatives, and Salim Katach, Esq., as Class Counsel;

(b) Awarding Plaintiffs and the Class statutory damages;

(c) Awarding Plaintiffs and the Class actual damages;

(d) Awarding Plaintiffs costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Enjoining Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A;

    (g)    Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: July 11, 2017

> Respectfully submitted,
>
> By: /s/ Salim Katach
> Salim Katach, Esq. (SK0924)
> Sirotkin Varacalli & Hamra, LLP
> 110 East 59th Street, Suite 3200
> New York, New York 10022
> Phone: (646) 590-0571
> *Attorneys for Plaintiffs*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby requests a trial by jury on all issues so triable.

> /s/ Salim Katach
> Salim Katach, Esq.

Dated: July 11, 2017